THE CELOTEX CORPORATION, Petitioner, *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

Third District   No. 76-233

Opinion filed October 24, 1977.

John L. Parker, of John L. Parker & Associates, of Chicago, and H. Gerald Reynolds, Environmental Counsel, of The Celotex Corporation, of Tampa, Florida, for petitioner.

William J. Scott, Attorney General, of Springfield (Patrick J. Chesley, Assistant Attorney General, of counsel), for respondents.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The Celotex Corporation petitions for direct review of a final order entered by respondent, Pollution Control Board of the State of Illinois (hereinafter called Board), in which order the Board affirmed the denial

by the respondent Illinois Environmental Protection Agency (hereinafter called Agency), of the application of Celotex for an operating permit. On review in this court, petitioner contends (1) that the decision of the Board affirming the Agency's denial of the operating permit was arbitrary and capricious, and (2) that this cause should be remanded to the Board with instructions that the operating permit should issue for the period requested. During the pendency of this case on review, respondents have filed a motion for remandment, conceding that their actions in denying petitioner's application for a permit were erroneous and requesting that this court remand the cause for reconsideration by respondents.

The record discloses that petitioner Celotex owns and operates a dry roofing felt plant located at Peoria, Illinois. The parties to this review are in agreement that section 9(b) of the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1009(b)) requires petitioner to possess a permit issued by the Agency for the operation of the Peoria plant. It appears that petitioner did possess such an operating permit, which permit was issued on November 21, 1974, and expired on August 30, 1975. The petitioner, on May 27, 1975, applied to the Agency for renewal of its operating permit. On July 18, 1975, the Agency denied petitioner's application for renewal on the sole ground that operation of the plant would violate the sulfur dioxide emission standards of chapter 2, Rule 204(c)(1)(A) of the Pollution Control Board Regulations.

It is noted that at the time the Agency denied petitioner's application, the Illinois Appellate Court for the First District, in a review of the rulemaking proceedings which had culminated in the adoption of Rule 204(c)(1)(A), had reversed the Board's adoption of Rule 204(c)(1)(A), and remanded the cause for further consideration by the Board. (*Commonwealth Edison Co. v. Pollution Control Board* (1st Dist. 1974), 25 Ill. App. 3d 271, 323 N.E.2d 84.) On a subsequent appeal, the Illinois Supreme Court in *Commonwealth Edison Co. v. Pollution Control Board* (1976), 62 Ill. 2d 494, 343 N.E.2d 459, affirmed the appellate court's determination with respect to Rule 204(c)(1)(A).

On April 5, 1976, petitioner filed a petition with the Board for review of the Agency's denial of the operating permit. By an order of May 6, 1976, the Board affirmed the Agency's denial of the permit, and ruled that the Agency had been justified in relying on Rule 204(c)(1)(A) on July 18, 1975, the date of the denial of the permit application. Celotex then brought this proceeding for review of the Board's order of May 6, 1976. While review was pending in this court, the Agency and the Board filed with this court a motion for remandment, conceding that they erred in denying petitioner's application on the basis of Rule 204(c)(1)(A), and requested that this court remand the cause for their reconsideration.

Petitioner and respondents apparently agree that the Board's order

affirming the Agency's denial of the operating permit must be reversed, and that the sole issue presented for our determination is the scope and nature of the proceedings upon remandment. Section 12(1)(f) of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 275(1)(f)), the provisions of which are made applicable here by Supreme Court Rule 335(h)(2), empowers this court

"* * * where a hearing has been held by the agency, to reverse and remand the decision in whole or in part, and, in such case, to state the questions requiring further hearing or proceedings and to give such other instructions as may be proper."

We recognize, as urged by petitioner, that if the cause is remanded for further proceedings and if in those proceedings petitioner is denied a permit on grounds other than Rule 204(c)(1)(A), petitioner may be subject to penalties for operation of its plant without a permit since August 30, 1975. Respondents contend that the Pollution Control Board, by an order dated July 7, 1977, validated Rule 204(c)(1)(A) and indicated that the Rule would become effective on September 1, 1977. This procedure was called to our attention by supplemental brief following submission of this cause to oral argument. Some apprehension is expressed that petitioner would be able to operate in violation of the Environmental Protection Act if the permit requested was issued. Petitioner, however, has called our attention to the provisions of the Board Air Rule 103(h), which provides that the existence of a permit under the Rule would not constitute a defense to a violation of the Act or any rule or regulation of this chapter, except for construction or operation without a permit (ch. 2, part I, Rule 103(h)). We are, therefore, aware that issuance of an operating permit pursuant to order of this court may necessarily invade the discretion and duties of the Board and the Agency in enforcing the Environmental Protection Act. Such minimal invasion results from factual circumstances in this case and delays in determination over which petitioner had no control, and, also, from the procedural problem which gave rise to the instant appeal.

We have noted that petitioner initially applied for a renewal of its operating permit approximately 90 days prior to the expiration of its then current permit. Upon consideration of all of the factors as presented by the parties, and the record in this cause, we have concluded that the Agency and Board should issue and approve an operating permit to the petitioner, valid from August 30, 1975, through a period 120 days after the date of issuance of mandate in this case, with such permit to be issued on the same terms and conditions as petitioner's prior permit. We conclude that this disposition will place both petitioner and respondents, so far as is feasible, in the same positions they occupied just prior to petitioner's first renewal application, and will result in a minimal invasion of respondents'

duties in enforcing the Environmental Protection Act. This 120-day period will presumably permit petitioner to file a new petition for a permit before the expiration date of the permit directed to be issued by this court.

The order of the Pollution Control Board is, therefore, reversed and this cause is remanded to such Board with instructions to the Agency and Board to issue and approve an operating permit to petitioner Celotex, valid from August 30, 1975, through 120 days after the issuance of mandate in this case, and on the same terms and conditions as shown in petitioner's prior permit which expired in August 1975.

Reversed and remanded with directions.

STENGEL, P. J., and STOUDER, J., concur.